FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT  2021 OCT 25  AM 11: 30
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ALFRED J. RELF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID A. PENDER, RAYMOND CORMIER, ) | Civil Action No. _____ |
| and WILLIAM BUSBY, in their individual ) | |
| capacities, and the CITY OF LOWELL, and ) | Trial by jury is hereby demanded. |
| DONNA M. GAGNE. ) | |
| ) | |
| Defendants, ) | |
| ) | |

**COMPLAINT**

**INTRODUCTION**

1. This is a civil rights action for the unlawful and malicious arrest, and prosecution of Alfred J. Relf for publicly preaching the Gospel, handing out Gospel tracts and preaching the sins of abortion on a megaphone, and while peaceably assembled in the public forum. Officer Pender in his arrest report admits that "they knew that they (Mr. Relf and Mr. Lubega) had a right to be there but that they needed a permit to use the amplified speaker". Massachusetts law does not prohibit openly preaching the Gospel on amplifiers baring time, place and manner. Nor does the City of Lowell's NOISE 204. Ordinance.

2. The City of Lowell is sued for failing to properly train Lowell police officers that they cannot arrest people for openly exercising the enjoyment of their First Amendment Rights to freedom of speech, freedom of religion, freedom of press and freedom of assembly. The City also failed to supervise and discipline Lowell police officers to assure that they follow the law in making arrests under the state statute of M.G.L. c.272, § 53, but rather chose to aid and abet them in conducting

unlawful arrests without probable cause and for institutionally weaponizing a State law to be used against citizens without probable cause in violation of the United States Constitution, federal, and state laws of the commonwealth, "as a prevention measure" against law abiding citizens under the reasoning of lowering or deterring greater crimes and for failure in disciplining habitually bad Lowell police officers. The City also failed to properly vet employees and train them that they cannot electronically alter key information and electronically forge signatures on federally protected documents, Freedom Of Information Act requests. (F.O.I.A.) (M.G.L. c. 267 § 1) using the (The Uniform Electronic Transaction Act – M.G.L. c. 110G § 7 (c), (d), 11, 13 and 18). in violation of (M.G.L. c. 66 § 10).

3. Ms. Donna M. Gagne is sued for bearing false witness to a police officer and obstruction of justice.

**JURISDICTION**

4. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. 1988, 42 U.S.C. 2000bb and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331, and 28 U.S.C. § 1343 provides federal question jurisdiction over state law claims, and 28 U.S.C. § 1367 provides supplemental jurisdiction over state law claims.

**PARTIES**

5. Plaintiff Alfred J. Relf is a resident of Middlesex County, Massachusetts. He is an honorably discharged veteran of the U.S. Army, and a 7 year veteran street preacher.

6. Defendant David Allen Pender was at all times relevant to this complaint a duly sworn and appointed police officer of the Lowell Police Department. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lowell. He is sued in his individual capacity.

7. Defendant Raymond Cormier ID #98610 was at all times relevant to this complaint a duly

sworn and appointed police officer of the Lowell Police Department holding the rank of sergeant. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lowell. He is sued in his individual capacity.

8.  Defendant William Busby Badge #88 was at all times relevant to this complaint a duly sworn and appointed police officer of the Lowell Police Department holding the rank of lieutenant. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lowell. He is sued in his individual capacity.

9.  Defendant City of Lowell is a duly organized city in the Commonwealth of Massachusetts.

10. Defendant Donna M. Gagne was at all times relevant to this complaint a witness in the Lowell City Police Arrest Report Case No. 2019-0012266A. Her actions alleged in this complaint were as bearing false witness to a police officer and obstruction of justice.

**FACTS**

11. On January 8, 2018 The City of Lowell, Massachusetts Officially posted online, the Police Departments 2017 Compstat Crime Summary. Phone: 978-674-4143 . From the Compstat - (CRIME ANALYSIS/INTELLIGENCE UNIT). Email: LOWELLPDINTEL@LOWELLMA.GOV https://www.lowellma.gov/AgendaCenter/ViewFile/Item/4152?fileID=12946 Note: Still posted as of the writing of this complaint (September 25, 2021). Under the heading (Disorderly Conduct) the report touts the rise of this crime as "In an effort to reduce more serious crime, officers focus on disorder crime, specifically Disorderly Conduct as a prevention measure. Therefore, the increase is interpreted positively." This organization (Compstat) is a non sworn civilian organization operating within the City of Lowell's Police Department teaching tactics and techniques that are antithetical to the United States Constitution as well as federal and state laws.

12. On April 18, 2019 on or around 2:00p.m., Having heard from several sources that the

City of Lowell's police were substandard, and out of Mr. Relf and Mr. Lubega's normal standards of practice, sought to visit the City of Lowell's police station and give them every opportunity with ample time to look up any and all applicable laws, by-laws, ordinances, etc. Mr. Relf and Mr. Lubega entered the Lowell, MA Police station at 50 Arcand Drive Lowell, MA 01852 with the intention of informing them about what they do and that they have the constitutional right to do it, and that it was likely that they would receive complaints. They were greeted by an officer, Matt Cassella badge #768, at that time Mr. Lubega asked if there was an officer they could talk to, Mr. Relf clarified by requesting a sergeant or duty officer. Officer Cassella stated there was a meeting taking place but that he would see if he could get someone. A short time later officer Cassella returned and said he could not get anyone and asked if there was anything he could do. Mr. Relf explained to officer Cassella that they would be in the public forum preaching the word of God on a megaphone while holding banners and handing out gospel tracts and preaching against abortion. Mr. Relf handed him a Gospel tract and told him that it was likely they would be receiving complaints and informed officer Cassella that they were well within their rights to do it. Officer Cassella agreed that they were well within their legal rights, and he would let command and dispatch know. Mr. Relf informed officer Cassella that they wouldn't be preaching that day but in the near future, officer Cassella said "no problem".

13.     On 08/09/2019 Mr. Relf, and Mr. Lubega were preaching the gospel on the eastern side of the Ladd & Whitney Monument Park sidewalk, where Arcand Drive and Merrimack street intersect.

14.     On 08/09/2019 at or around 12:15p.m. Mr. Relf and Mr. Lubega were approached by a Lowell Police officer, Alex Ramos Badge #671, making his approach in patrol cruiser #8B, heading North on Dutton Street and turning left onto Merrimack Street, parking legally at the curb next to the men preaching, facing West on Merrimack Street, and following proper safety protocols had his cruiser's hazard lights on. While officer Ramos was standing in front of his vehicle Mr. Relf shouted out asking if he could hear Mr. Lubega all right in an effort to signify that Mr. Relf and Mr. Lubega

knew their rights. Officer Ramos, while Mr. Lubega was preaching and out of respect for the preach, approached Mr. Relf and took a good look at the abortion sign and was going to ask Mr. Relf something when Mr. Relf cut him off and asked officer Ramos if he was going to appeal to Mr. Relf's sensibilities. He respectfully said no. Officer Ramos was questioning if they were allowed to do what they were doing on the megaphone when Mr. Relf asked if officer Ramos swore an oath to the Constitution. Officer Ramos replied "yes", and Mr. Relf explained that under the First Amendment they had the right and added that the Supreme Court has ruled that they could use the megaphone as they had a right to be heard. Around this time Sgt. Cormier made his first appearance, approached Mr. Relf and officer Ramos with his police issued iPhone with the camera facing Mr. Relf. Mr. Relf stated he could F.O.I.A. the footage, at which time Sgt. Cormier turned the iPhone around. After a brief conference with officer Ramos, they decided that they, Mr. Relf and Mr. Lubega, were within their rights to do what they were doing. Upon exiting, Sgt. Cormier gave Mr. Relf a directive "OK don't block the sidewalk", Mr. Relf replied with a directive, "Don't beat your wife" in an attempt to let Sgt. Cormier know he was no better or worse then Mr. Relf because of the uniform. Mr. Relf called them "zingers". (First Amendment).

15. The sidewalk where Mr. Relf was standing is 8 foot 2 inches wide and were Mr. Lubega was preaching at that time is 9 foot 3 inches wide.

16. On 08/09/2019 on or around 12:30p.m. Lowell, MA, City Police Officer David A. Pender ID #87187, in Housing Authority vehicle H1, heading South East on Arcand Drive approached a red light. While stopped at the corner of Arcand Drive and Merrimack Street, officer Pender was yelling out the passenger side window, "Turn that speaker off, you don't have a permit" three or four times. Mr. Relf thought to himself, how did he know Mr. Relf and Mr. Lubega did not have a permit? (42 U.S.C 1985(3). Mr. Lubega told officer Pender that we didn't need a permit (U.S. Constitution First Amendment), (Massachusetts Declaration of Rights Article 16 / Article of Amendment, Article 77

(1948).), (SAIA v. PEOPLE OF STATE OF NEW YORK), (City of Lowell Noise ordinance 204. General Regulations. page seven 204-4 C (13) and page eight, 204-5 P. Exemptions.).

17. While Mr. Relf was replying with "Wrong again, wrong again the light turned green and as officer Pender pulled around the corner and parked facing West on Merrimack Street he was blocking the crosswalk and blocking the handicap ramp. (M.G.L. c.89, §11) Having seen several pedestrians heading for the sidewalk that officer Pender was blocking Mr. Relf told officer Pender he was creating a safety hazard and to move his vehicle out of the cross walk several times.

18. Officer Pender would falsely accuse both Mr. Relf and Mr. Lubega of this infraction, on lines 13, 14, 19, 20 and 21 of the police report case No. 2019-0012266A.

19. While officer Pender was still in his police cruiser talking to Mr. Lubega, Mr. Relf, realizing something was amiss, went into defensive mode and began warning officer Pender that he was making a big mistake and to call his lawyer. Mr. Relf knows there's a lawyer on call as a matter of common procedure for officers with legal questions for just such a thing.

20. Unbeknownst to Mr. Relf, this was not the case in the City of Lowell, MA as they voted themselves a half day off on Fridays.

21. In yet a further attempt to warn officer Pender, Mr. Relf was not going to forfeit his rights, Mr. Relf started rattling off money amounts and charges, $20,000 Deprivation of rights under color of law, $20,000 defamation of character and so on. All the while Mr. Relf and Mr. Lubega were openly wearing body cameras which proved to be no deterrent to officers Pender nor Cormier in violating their rights.

22. Later Mr. Relf would find out that officer Pender felt he was above the law, and for good reason. He had the long standing blessing of the City of Lowell's sworn senior officers as well as the Middlesex District Attorney, Marian Ryan.

23. Around this time Ms. Donna M. Gagne came across the street heading West on

Merrimack Street and filed a verbal report with officer Pender.

24. Shortly after this Sgt. Cormier arrived and officer Pender got out of his cruiser for the first time. Mr. Relf was amazed that they were going to follow through with the rights violations.

25. At or around this time Mr. Lubega asked Sargent Cormier three or four times, why he changed his mind. Cormier broke down and admitted "We got it from the higher ups that they were going to enforce the noise ordinance." (42 U.S.C. §1983), (42 U.S.C. § 1985 (3)), (42 U.S.C. §1986), and (42 U.S.C. 2000bb-1(c)).

26. On lines 25 and 26 of the police report, officer Pender admits that "we know they (Mr. Relf and Mr. Lubega.) had a right to be there but that they needed a permit to use amplified speaker".

27. Around this time Mr. Relf called officer Pender dopey, and re-iterated that he would sue in federal court, and make it a federal case.

28. At the confession of Sgt. Cormier and in a rage and without warning nor probable cause officer Pender said "that's it, you're under arrest".

29. Throughout the incident involving officer Pender, Mr. Relf moved from his spot once to get officer Pender's name and badge number while officer Pender was still sitting in his cruiser as yet a further warning that a lawsuit may result.

30. Officer Pender, utilizing the unconstitutionally weaponized charge of Disorderly Conduct provided him by the City of Lowell, did maliciously and recklessly with willful conscious, and deliberate disregard for Mr. Relf's civil rights and liberty did arrest Mr. Relf for the criminal complaint of M.G.L. c.272 § 53 disorderly conduct without a legal cause.

31. M.G.L. c.272 §53F(b) Disorderly persons and disturbers of the peace shall, for a first offense, be punished by a fine of not more than $150 if found guilty.

32. The unlawful actions perpetrated under color of law from these three co-conspirators Pender, Cormier and Busby caused undue stress, loss of freedom and excessive discomfort no

reasonable person should expect to endure under the circumstances, and beyond all bounds of decency no reasonable person would expect to tolerate. Mr. Relf suffered loss of freedom, loss of sleep and suffered undue duress as well as financial loss defending this spurious and frivolous case.

33. Officer Pender placed Mr. Relf first left hand in cuff then right hand, and tightened real tight. Mr. Relf did not give him the satisfaction of screaming out in pain, so he tightened it more until Mr. Relf did scream out in pain, then quickly loosened the cuff shortly after Mr. Relf was secured.

34. Officer Kevin Gillian ID #011705 arrived in the patrol wagon, Unit Number P-208, to take Mr. Relf to the police station. After getting into the wagon, Mr. Relf requested to have the seat belt put on when officer Pender said "you don't need a seat-belt the police stations right there". Mr. Relf replied it's the law. Officer Pender replied "the police are above the law, we have special privileges". (M.G.L. c.90 §13A Seat belt use required). Mr. Relf appealed to officer Gillian who complied.

35. Arriving at the police station garage (Sally Port). Mr. Relf was greeted by Lt. Busby, the duty officer.

36. While being taken down stairs to the booking station, Lt. Busby asked Mr. Relf "Have you ever been here before" with an evil grin on his face.

37. While undergoing the indignity of the intake, officer Pender received a phone call from what Mr. Relf believes was the municipality's lawyer. Overhearing officer Pender saying "Yes, I have a witness" to which Mr. Relf replied "She's lying and I have the proof". At that time officer Pender left the room to continue the conversation in private. Shortly after that the individual conducting the intake process ask everyone, to include Mr. Relf, what are the charges against Mr. Relf. Nobody knew.

38. Mr. Relf was processed then locked in solitary confinement after asking for a lawyer.

39. Mr. Relf did not commit disorderly conduct.

40. On 08/12/2019 Mr. Relf was arraigned and, for the first time in some 72 hours after the arrest, officially informed of the criminal charge of M.G.L. c.272 § 53F(b) against him.

41. Mr. Relf upon release went straight to the Lowell police station to get a copy of the police report.

42. Arriving at the Lowell police station, Mr. Relf announced to the desk officer, Todd Fenlon badge #641, that he had been arrested on 08/09/2019 and that he was representing himself in court and he needed a copy of the arrest report, as it was his right (U.S. Constitutions 5th and 6th Amendments, Massachusetts Constitution Article 10 and Article 12 ).

43. Officer Fenlon took Mr. Relf's information, and after reading the report excused himself and went into the back for a minute or two.

44. Upon returning officer Fenlon tried to deny Mr. Relf a copy of the report. Mr. Relf again fought for his rights and right of due process afforded him under Federal Law (federal law 42 U.S.C. 1981), and the laws of Massachusetts (M.G.L. c. 268, § 34, M.G.L. c. 263, § 5, ) and found out that the officer in the back directing officer Fenlon to violate Mr. Relf's rights by denying him a copy of the report was Lt. Busby, (42 U.S.C §1983), (42 U.S.C § 1985(2)).

45. After Mr. Relf insisted, and only after insisting, on having officer Fenlons supervisor come on camera and deny a copy of the report did Lt. Busby give permission to give Mr. Relf the police report and only after Lt. Busby illegally redacted it.

46. On 08/16/2019 Mr. Relf put together a packet of ten Freedom Of Information Act (FOIA) requests and took the M.B.T.A train to deliver them in person and on camera after witnessing the standards and practices of the City of Lowell, so as to cover himself in case of further false accusations.

47. He arrived around 12:15 pm to find out that the City of Lowell voted themselves half days off on Fridays. That is when he noticed that they fly the U.S. flag lower than the flag of India right out in front of City hall. This is in violation of the 4 U.S. Code §7 (c) Position and manner of display.

48. At this time Mr. Relf with a fifty foot measuring tape went to the scene of the rights

violations and on camera took measurements of the sidewalk where Mr. Relf was standing and where Mr. Lubega was standing at the time of the false allegation of the police report lines 19, 20 and 21.

    49.    On 08/19/2019 Mr. Relf called to confirm that they would be open regular hours as transportation cost $30.00 round trip. Mr. Relf arrived and noticed that the flags had never been moved further evidence of dereliction to duty, oath, and honor to Country. (4 U.S.C. § 6 - Time and occasions for display). Mr. Relf asked at the receptionist desk where he could find the (R.A.O.) Records Access Officer. The receptionist had no idea and told Mr. Relf to check with the clerk's office, who told him 3rd, floor Stacie Moeser, 2nd Assistant City Solicitor. Mr. Relf found it and they were in a meeting but the secretary, Celine Gettings, was available and took the ten FOIA request. Mr. Relf then asked who was in charge of the flag care and she said she did not know. Mr. Relf then had her process the requests, got time stamped copies, thanked her and went looking for the Mayor. Mayor was out. After arriving home some three hours later Mr. Relf found there were emails from the Lowell City hall and after seeing how efficient they were, red flags went up. Mr. Relf opened the FOIA requests and found that they were all electronically altered on key information as well as electronically forged with Mr. Relf's name attached.

(G.L. c. 110G, § 1-18), Mr. Relf tried to contact Stacie Moeser's boss but could only leave a message. Mr. Relf feels this was obstruction of justice and it put yet further stress on him all in an attempt to wear Mr. Relf down, and create yet more undue stress and economical injury.

    50.    On 08/20/2019 on or around 9:27a.m. Mr. Relf called the law office of the Lowell City Hall to speak with Stacie Moeser the (R.A.O.) to let her know that the ten (FOIA) requests were electronically forged, and altered and that they needed to have them fixed A.S.A.P. The phone was answered and Mr. Relf was asked what the call was about. After Mr. Relf explained he then was put on hold for about 6 minutes. The line was picked up and then placed back on hold. This was done twice, the third time it was directed to an answering machine. A report was sent to the secretary of

records. Reply and all files in evidence. This egregious obstruction of justice and overall treatment of the Plaintiff created further undue stress to Mr. Relf. In what plaintiff feels was an attempt to further deter Mr. Relf from pursuing due justice, and further deprivation of rights.

51. On 10/11/2019 Mr. Relf was acquitted of the charge of M.G.L. c.272 §53F(b) Disorderly Conduct, Disposition Method: Dismissed at the request of the Commonwealth. This false criminal complaint did not survive the discovery hearing. Mr. Relf incurred financial expenses in excess of $600.00 defending this false criminal complaint. Mr. Relf suffered physical, and emotional distress, as well as humiliation as a direct result of the excessive force used against him over an alleged misdemeanor.

52. On 10/18/2019 Mr. Relf filed a 2 page CITIZEN COMPLAINT FORM (Form 8-2014) with the City of Lowell's police department. To date no reply has been given.

**COUNT I     42 U.S.C.§ 1985(3), Claim Against Individual Defendants
              PENDER, CORMIER, and BUSBY**

53. The above paragraphs are incorporated by reference.

54. Defendants Pender, Cormier, and Busby acting in concert did conspire to and carried out the deprivation of Plaintiffs well established Constitutional rights.

55. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

**COUNT II    42 U.S.C. § 1983, Claim Against Individual Defendants
              PENDER, CORMIER, and BUSBY**

56. The above paragraphs are incorporated by reference.

57. Defendants Pender, Cormier, and Busby deprived Plaintiff of his well-established rights to freedom of speech and freedom of press, under the First Amendment to the United States Constitution, and to the freedom from arrest without probable cause under the Fourth Amendment to the United States Constitution as applied under the Fourteenth Amendment.

58. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

### COUNT III — Religious Freedom Restoration Act 42 U.S.C. § 2000bb-1(c) Against Defendants PENDER, CORMIER, and BUSBY

59. The above paragraphs are incorporated by reference.

60. Defendants Pender, Cormier, and Busby arrested Plaintiff to intimidate him from exercising his well established Constitutional rights and to send a message to others here in the City of Lowell, we are above the law and you only have the rights we grant you. Using excessive force, false imprisonment and cruel and inhumane punishment for a charge M.G.L. c.272 § 53F that carries a maximum $150.00 dollar fine, in an effort to shut down the street preaching, chose to lock Mr. Relf in solitary confinement for some 72 hours. Depriving plaintiff of his free exercise of religion.

61. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

### COUNT IV — Federal Tort of Malicious Prosecution Against Defendants PENDER, CORMIER, and BUSBY

62. The above paragraphs are incorporated by reference.

63. Acting jointly, Defendants Pender, Cormier, and Busby caused criminal charges to be brought against Plaintiff without probable cause and with malice. The criminal charge was disposed of favorably for the Plaintiff.

64. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

### COUNT V — Massachusetts Civil Rights Act M.G.L. c.12 § 11I Against Defendants PENDER, CORMIER, and BUSBY

65. The above paragraphs are incorporated by reference.

66. Defendants Pender, Cormier, and Busby arrested or caused the arrest of the Plaintiff

to intimidate him from preaching the word of God and standing against abortion.

67. Defendants Pender, Cormier, and Busby deprived Plaintiff of his well-established rights to freedom of speech and the freedom of religion under the First Amendment to the United States Constitution, and to the freedom from arrest without probable cause under the Fourth Amendment to the United States Constitution as applied under the Fourteenth Amendments.

68. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

### COUNT VI   42 U.S.C. § 1983 *Monell* Claim Against Defendant CITY OF LOWELL

69. The above paragraphs are incorporated by reference.

70. The violations of Plaintiff's constitutional rights by Pender, Cormier and Busby were caused by the policies and customs of the City of Lowell as described above.

71. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

### COUNT VII   Federal Civil Rights Act 42 U.S.C. 2000bb-1(c) *Monell* Claim Against Defendant CITY OF LOWELL

72. The above paragraphs are incorporated by reference.

73. This action is being brought for the violation of Plaintiff's Constitutional rights to the free exercise of religion, who has been so thoroughly and substantially burdened without stating any competing governmental interest what so ever to the Plaintiff.

74. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

### COUNT VIII   M.G.L. c. 267, § 1 *Monell* Claim Against Defendant CITY OF LOWELL

75. The above paragraphs are incorporated by reference.

76. The violation of Plaintiffs, FOIA rights by the City of Lowell was caused by the City

of Lowell's Records Access Officer (R.A.O.) Stacie M. Moeser, Assistant City Solicitor. While Plaintiff was seeking witnesses in his defense granted him by the Fifth Amendment to the Constitution of the United States and Article ten of the Massachusetts Declaration of Rights, while defending against a false criminal charge, was hindered by way of electronically altering specifically critical information in the F.O.I.A. requests and electronically forged Plaintiffs digital signature.

77. As a direct and proximate result of Defendants actions in it's failure to properly vet it's hires, Plaintiff suffered the damages described above.

**COUNT IX   M.G.L. c. 267, § 1 Claim Against Defendant PENDER**

77. The above paragraphs are incorporated by reference.

78. For swearing to and electronically signing a known false statement, the 2 page Lowell Police Department, arrest report, Case No. 2019-0012266A. Form NCD 5001 Rev. 03/13 [P098610].

79. Officer Pender did willfully and knowingly under oath and the penalty's of perjury make a false sworn statement with the intent to injure or defraud before an appropriate judicial officer.

80. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

**COUNT X   42 U.S.C. 1986 Claim Against Defendant CORMIER**

81. The above paragraphs are incorporated by reference.

82. This action is being brought for neglect to prevent the act of deprivation of rights under color of law, having foreknowledge of the conspiracy chose to continue to perpetrate the conspiracy, depriving Plaintiff of his first, and fourth amendment rights.

83. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

**COUNT XI   42 U.S.C. 1985(2) Claim Against Defendant BUSBY**

84. The above paragraphs are incorporated by reference.

85. This action is being brought for willfully denying Plaintiff his due process rights, while acting under color of law, did obstruct justice and due process of law by withholding information pertinent to Mr. Relf's defense of the police report after Plaintiff made it abundantly clear several times that Mr. Relf was representing himself in this criminal complaint. Plaintiff suffered yet more anguish and distress trying to get his property, the complaint brought against him.

86. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

**COUNT XII M.G.L. c. 268, § 34 Claim Against Defendant BUSBY**

87. The above paragraphs are incorporated by reference.

88. This action is being brought for acting under color of law, Defendant did willfully deny Plaintiff his due process rights, and did attempt to bully Plaintiff out of the police report after Plaintiff made it abundantly clear several times that Mr. Relf was representing himself in this criminal complaint. Plaintiff suffered yet more anguish and distress.

89. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

**COUNT XIII M.G.L. c. 268, § 13B (b)(i)(iii)(D)(1) Claim Against BUSBY**

90. The above paragraphs are incorporated by reference.

91. This action is being brought for willfully, directly and indirectly misleading the Plaintiff by denying Mr. Relf a copy of his arrest report, impeding, and obstructing due process of law, and Plaintiff's rights in investigating and defending against these criminal proceedings and economic injury.

92. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

**COUNT XIV M.G.L. c.269, § 13A, Claim Against DONNA M. GAGNE**

93. The above paragraphs are incorporated by reference.

94. This action is being brought for willfully and knowingly bringing false claims against the Plaintiff and bearing false witness.

95. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

**COUNT XV   M.G.L. c.268 § 13B (b)(iii)(C)(2), Claim Against DONNA M. GAGNE**

96. The above paragraphs are incorporated by reference.

97. This action is being brought for willfully and knowingly impeding and obstructing justice with intent to punish, harm or otherwise retaliate against the Plaintiff.

98. As a direct and proximate result of Defendants actions, Plaintiff suffered the damages described above.

**WHEREFORE**, Plaintiff requests that this Court:

1. Award compensatory damages;
2. Award punitive damages against Defendants Busby, Cormier and Pender;
3. Award the cost of this action;
4. Award such other further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

A trial by jury is hereby demanded.

RESPECTFULLY SUBMITTED,
By the Plaintiff.

/s/ Alfred J. Relf
Alfred J. Relf Pro se
6 Park Place.
Waltham, MA 02452-5517
(617) 633-2183
alrelfa1@gmail.com

Dated: October 29, 2021

UNITED STATES DISTRICT COURT
DISTRIC OF MASSACHUSSTS

**Plaintiff:**

ALFRED J. RELF

6 Park Place
Waltham, MA 02452
(617) 633-2183
alrelfa1@gmail.com

**Defendants:**

DAVID A. PENDER
RAYMOND CORMIER
WILLIAM BUSBY

Are sued in there individual capacities

Lowell Police Department
50 Arcand Drive
Lowell, MA 01852
(978) 937-3200
rrichardson@lowellma.gov

**Defendant:**

CITY OF LOWELL

City Manager, Eileen M. Donoghue
375 Merrimack Street
2nd Floor, Room 43,
Lowell, MA 012852
(978) 674-4400
edonoghue@lowellma.gov

**Defendant:**

DONNA M. GAGNE

54 W 3rd Street
Lowell, MA 01852
(987) 454-8735