UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED J. RELF,<br><br>Plaintiff,<br><br>v.<br><br>DAVID A. PENDER, et al.,<br><br>Defendants. | Civil Action No.<br>21-11734-AK |

## ORDER

**KELLEY, J.**

On October 25, 2021, *pro se* plaintiff Alfred J. Relf filed a civil rights complaint (Dkt. #1) against the City of Lowell and three of its police officers for allegedly interfering with his right under the First Amendment to freedom of speech. Relf also brings this action against Donna M. Gagne, a private citizen who allegedly witnessed Relf's conduct and the police officers' alleged misconduct. Relf claims that Gagne is liable for "bearing false witness to a police officer and obstruction of justice." Compl. ¶ 10.

Relf also filed motions to proceed *in forma pauperis*, for leave to file electronically, and for free access to an online PACER account.

Upon review of Relf's filings, the Court hereby orders, as follows:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The clerk shall issue summonses for all defendants except defendant Gagne. Relf is responsible for ensuring that a summons, this order, and the complaint are served on each of these defendants in accordance Rule 4 of the Federal Rules of Civil Procedure.

3.  Because Relf is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. *See* 28 U.S.C. § 1915(d). If so asked by Relf, the USMS shall serve the summons, complaint, and this order as directed by him. Relf is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The clerk shall provide Relf forms and instructions for service by the USMS.

4.  Relf shall have 90 days from the date of the issuance of the summonses to complete service. Failure to comply with this deadline may result in dismissal of the case without prior notice to Relf. *See* Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

5.  At this time, a summons will not issue for defendant Gagne.[1] Relf seeks to hold Gagne liable under M.G.L. ch. 269, § 13A and M.G.L. ch. 268, § 13B(b)(iii)(C)(2) for allegedly making a false report to the police, resulting in obstruction of justice. *See* Compl. ¶¶ 3, 10, 23, 93-98.

Relf may not sue Gagne under these statutes. Pursuant to M.G.L. ch. 269, § 13A, "[w]hoever intentionally and knowingly makes or causes to be made a false report of a crime to police officers shall be punished by a fine of not less than one hundred nor more than five hundred dollars or by imprisonment in a jail or house of correction for not more than one year, or both." M.G.L. ch. 269, § 13A. Under M.G.L. ch. 268, § 13B(b)(iii)(C), a person who "misleads, intimidates or harasses another person who is a . . . (C) judge, juror, grand juror, attorney, victim witness advocate, police officer, correction officer, federal agent, investigator, clerk, court

---

[1] Because the Court is allowing Relf to go forward with this action without paying the filing fee, the Court has conducted a preliminary review of Relf's complaint. The Court may dismiss any claim that is not viable. *See* 28 U.S.C. § 1915(e)(2).

officer, court reporter, court interpreter, probation officer or parole officer" may be prosecuted and punished for up to ten years and/or a fine of up to $5,000. M.G.L. ch. 268, § 13B(b).

These two statutes criminalize certain conduct and allow the Commonwealth to criminally prosecute those who have allegedly committed the prohibited conduct. However, these laws do not permit a private citizen to bring a civil claim against someone who has allegedly made a false report of a crime or mislead a police officer. Further, to the extent that a false or misleading report to the police could be the basis of a civil claim, Relf has not sufficiently stated a claim against Gagne. More specifically, Relf has not identified what Gagne reported to the police and why her report was false.

If Relf wishes to bring a claim against Gagne, he may amend his complaint to include additional information about Gagne's alleged report to the police and identify the law which would allow Relf to hold Gagne responsible for her alleged misconduct. If Relf decides to amend his complaint in this manner or in any other respect, he must comply with Rule 15 of the Federal Rules of Civil Procedure. This rule concerns the amendment of a complaint. If Relf does not so amend his complaint, Gagne will eventually be dismissed as a defendant in this action.

6. The motion for leave to file electronically is GRANTED provided that Relf completes all CM/ECF training requirements and complies with all Local Rules and administrative procedures for the filing of documents by electronic means.

7. The motion for free access to an online PACER account for the duration of this lawsuit is GRANTED provided that clerk is able to make necessary arrangements with PACER staff to permit Relf to access, free of charge, the docket of this case and individual documents therein. The clerk shall inform the Court if this arrangement is not feasible.

**So Ordered.**

                                                /s/ Angel Kelley
                                                Angel Kelley
                                                United States District Court Judge

Dated: 1/14/2022