UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALFRED RELF,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID A. PENDER, RAYMOND CORMIER, AND WILLIAM BUSBY, in their individual capacities, and the CITY OF LOWELL, and DONNA M. GAGNE<br><br>        Defendants. | Civil Action No. 1:21-CV-11734-AK |

## MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

    Plaintiff Alfred Relf brings this action in connection to his arrest for disorderly conduct which followed an incident which occurred while he was street preaching. Plaintiff has filed fifteen claims against the officers who arrested him, the City of Lowell, and the bystander who reported him to the police. The City of Lowell, Sergeant Cormier, and Officer Pender have each filed motions to dismiss Plaintiff's claims. [Dkts. 103, 105, 107].

    For the following reasons, all three motions are **GRANTED**. Plaintiff's claim is **DISMISSED** in its entirety.

**I.**    **LEGAL STANDARD**

    To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," the Court

1

must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. Factual allegations must be accepted as true, while legal conclusions the court need not credit. Id. A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp., 550 U.S. at 559).

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is generally limited to "the complaint, documents attached to it, and documents expressly incorporated into it," Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71-72 (1st Cir. 2014), though the Court may also consider matters of public record and other matters susceptible to judicial notice. Bingham v. Massachusetts, 616 F.3d 1, 3 n.1 (1st Cir. 2010).

## II.   DISCUSSION

### A.   Service of Process

Plaintiff was required to serve the defendants in accordance with Fed. R. Civ. P. 4. [Dkt. 10]. If Plaintiff failed to do so within 90 days after the complaint is filed, the Court "on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m). There is no evidence here that

Plaintiff sought waiver of process rules. Therefore, Plaintiff was required to do one of the following:

> (A) [deliver] a copy of the summons and of the complaint to the individual personally;
> (B) [leave] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) [deliver] a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e).

Plaintiff was informed on January 1, 2022, upon the issuance of the summonses, that he had 90 days to complete service and that failure to comply with this deadline may result in dismissal of the case. The summons was returned unexecuted as to defendants William Busby and David Pender on April 7, 2022. [Dkts. 88, 89]. The summons was served as to Raymond Cormier and the City of Lowell on April 4, 2022. [Dkts. 90, 91]. The complaint however was left with Officer Couture at the Lowell Police Station and not to Sergeant Cormier personally or at his residence. [Dkt. 90]. This service is not sufficient to meet the requirements of Fed. R. Civ. P. 4(e).

For these reasons, Plaintiff's complaints against Officers Pender, Sergeant Cormier, and Lieutenant Busby were improperly served. [Dkt. 9 at ¶ 4]. However, even if Plaintiff's service of process was not deficient, the Court would have to dismiss his claims regardless because he has failed to state a claim upon which relief can be granted.

### B.    Claims against Sergeant Cormier and Officer Pender

The facts alleged in the complaint are not sufficient to establish the claims Plaintiff asserts against the officers who arrested him. According to the Plaintiff, he was told during his preaching that he could not block the sidewalk. [Dkt. 1 ("Complaint") at ¶ 14]. He was then informed by Officer Pender three to four times that he had to turn his speaker off because he did not have a permit to use his megaphone. [Complaint at ¶ 16]. During his verbal taunts, a

3

bystander Donna Gagne lodged a complaint with the officers. [Complaint at ¶¶ 17-23]. Sergeant Cormier arrived at the scene shortly thereafter. [Complaint at ¶ 24]. Plaintiff was again informed that he needed a permit to use his amplified speaker and shortly thereafter was arrested for disorderly conduct. [Complaint at ¶¶ 25-30]. With his opposition papers, Plaintiff attaches the arrest report that provides several relevant details. [See Dkt. 112-1]. The officers had received multiple complaints that Plaintiff and his partner were harassing bystanders. [Id. at 2]. Their blocking of the sidewalk was causing pedestrians to walk into the street to avoid them. [Id.]. One witness, Ms. Gagne, told the officers that Plaintiff followed behind her and was screaming at her. [Id.]. Sergeant Cormier was also informed that a nearby restaurant had called to complain that several of its patrons wanted to move indoors because of the disturbance Plaintiff and his loudspeaker were causing. [Id.]. The officers attempted to speak to Plaintiff who refused to calm down. [Id.]. As his aggressive behavior continued, a crowd of pedestrians formed, some of whom began yelling at Plaintiff. [Id.]. Onlookers in cars began to create traffic as well. [Id.]. Plaintiff continued to approach the officers, screaming, creating traffic, and arguing with them until he was arrested by Officer Pender. [Id.].

### 1. 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 – Conspiracy to Interfere with Civil Rights (Count I and X)

To state a claim under § 1985(3), as Plaintiff does here, the first element a plaintiff must allege is the existence of a conspiracy. [Complaint at ¶¶ 53-55]; Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Plaintiff has not provided sufficient facts to make a plausible claim of conspiracy, particularly with the officers arriving to the scene and responding separately.

Plaintiff brings an individual claim against Sergeant Cormier for having foreknowledge of the conspiracy, having power to prevent its commission, and failing to take action to prevent the wrongdoing. [Complaint at ¶¶ 81-83]. Since Plaintiff has failed to establish his claim of

conspiracy pursuant to Section 1985(3) (Count I), his action against Sergeant Cormier for neglecting to prevent the execution of the conspiracy under Section 1986 (Count X) fails as well.

### 2. 42 U.S.C. § 1983 – Probable Cause and Malicious Prosecution (Counts II and IV)

Plaintiff seeks to assert a Section 1983 claim for the deprivation of his right to freedom of speech and freedom of press under the First Amendment and for freedom from arrest without probable cause under the Fourth Amendment as applied under the Fourteenth Amendment. [Complaint at ¶¶ 56-58].  A First Amendment claim brought under Section 1983 must show that the plaintiff: (1) was engaged in constitutionally protected conduct; (2) was subjected to adverse actions by the government; and (3) the protected conduct was a "substantial or motivating factor in the adverse actions." Doe v. Hopkinton Pub. Schs, 19 F.4th 493, 504 (1st Cir. 2021).  Here, however, the facts Plaintiff provides indicate that his violation of the city's noise ordinance, his blocking of the sidewalk, and his belligerent conduct, rather than his use of his First Amendment rights, were the motivating factors in his arrest.  [Dkt. 112-1 at 2].

A Section 1983 claim for false arrest must allege that the officers lacked probable cause to believe that plaintiff committed a crime.  Fraser v. Massachusetts Bay Transportation Auth., 544 F. Supp. 3d 148, 157 (D. Mass. 2021).  Plaintiff's aforementioned conduct and the general public's complaints about his conduct, provided sufficient probable cause for the officers to arrest him.  [Dkt. 112-1 at 2]; [Complaint at ¶¶ 17-23].

Additionally, because the police had probable cause to arrest Plaintiff, his claim for malicious prosecution (Count IV), likewise fails.  [Complaint at ¶¶ 62-64]; Almeida v. Rose, 55 F. Supp. 3d 200, 204 (D. Mass. 2014) (A Section 1983 malicious prosecution claim requires defendant to have "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported

by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.") (citations omitted).

### 3. 42 U.S.C. § 2000bb-1(c) – Religious Freedom Restoration Act (Counts III and VII)

In Count III, Plaintiff asserts that the officers violated the Religious Freedom Restoration Act ("RFRA") when arresting him for his street preaching. [Complaint at ¶¶ 59-61]. This claim fails because even if defendants' actions were in violation of RFRA, the police officers are state actors, and RFRA cannot be applied to states and their subdivisions. City of Boerne v. Flores, 521 U.S. 507, 534-36 (1997) (finding that RFRA exceeds Congress's authority when applied to states); Roman Catholic Bishop v. City of Springfield, 724 F.3d 78, 94 (1st Cir. 2013) (RFRA does not apply to states and their subdivisions); Morelli v. Webster, 552 F.3d 12, 23 (1st Cir. 2009) (police officer is a state actor).

Plaintiff's claim against the City of Lowell for violating RFRA (Count VII) will therefore fail as well. [Complaint at ¶¶ 72-74].

### 4. M.G.L. ch. 12, § 11H – Massachusetts Civil Rights Act (Count V)

Plaintiff also seeks to assert a claim under Mass. Gen. Laws Chapter 12, Section 11H also known as the Massachusetts Civil Rights Act ("MCRA"). MCRA is a state analogue to Section 1983 and provides a cause of action to an individual whose rights under the Constitution or laws of the United States or the Commonwealth of Massachusetts have been violated by "threats, intimidation, or coercion." Farrah ex rel. Est. of Santana v. Gondella, 725 F. Supp. 2d 238, 247 (D. Mass. 2010). To be actionable, "a defendant's actions must amount to 'an attempt to force someone to do something the person is not lawfully required to do.'" Id. at 248 (quoting Freeman v. Plan. Bd. of W. Boylston, 646 N.E.2d 139, 149 (Mass. 1995)).

There are no allegations that Plaintiff was subjected to threats, intimidation, or harassment, and because the officers had probable cause to arrest him due to his aggressive and harassing conduct, Plaintiff's MCRA claim (Count V) fails as well.

### 5. Falsifying Police Report (Counts IX, VIII, and XII)

The Plaintiff alleges that Officer Pender falsified his police report in violation of Mass. Gen. Laws Chapter 267, Section 1. (Count IX) [Complaint at ¶¶ 77-80].  Plaintiff's claim fails because since Mass. Gen. Laws Chapter 267, Section 1 is a criminal statute that does not authorize a civil cause of action.  Plaintiff's claim against the City of Lowell under Mass. Gen. Laws Chapter 267, Section 1 (Count VIII) fails for the same reason.  [Id. at ¶¶ 75-77].  As does Plaintiff's claim against Lieutenant Busby under M.G.L. Chapter 268, Section 34 (Count XII). [Id. at ¶¶ 87-89].

### B. City of Lowell

#### 1. 42 U.S.C. § 1983 (Count VI)

The Plaintiff brings several claims against the City of Lowell.  [Complaint at ¶¶ 69-77]. The first of which is under Section 1983 for a city policy or custom that deprived him of his constitutional rights.  [Id. at ¶¶ 69-71].  A municipality cannot be held liable under a theory of respondeat superior; instead, a plaintiff must demonstrate that it was the execution of a policy or custom that inflicted the injury.  City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989);  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691-92, 669 (1978). That custom or practice must (1) be attributable to the municipality, in that it is "so well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice;" and (2) the custom must have been the cause of the deprivation of constitutional rights.  Roma Const. Co. v. Russo,

96 F.3d 566, 575 (1st Cir. 1996) (citation omitted).  A single incident is not sufficient unless the proof of the incident contains proof it was caused by "an existing, unconstitutional municipal policy."  City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).

   The Plaintiff does not plead any facts here to support the conclusion that there was a policy or custom in the City of Lowell that caused the deprivation of his constitutional rights.  None of the facts alleged extend beyond the single incident of his arrest.  Furthermore, since the facts of his arrest do not sufficiently allege a constitutional violation, Plaintiff will not be able to establish that the City of Lowell was responsible for the deprivation of his rights.  [Complaint at ¶¶ 17-23].  Plaintiff in his opposition makes conclusory statements about the failure to train, supervise, discipline, or adequately screen the police officers who arrested him.  [Dkt. 110 at 5].  In a failure of supervision claim, Plaintiff must demonstrate that the deficiency in the municipalities' training was closely related to the ultimate injury.  City of Canton, Ohio, 489 U.S. at 391.  Plaintiff has not provided any allegations about how the City of Lowell's training of its officers or how any city policies or protocols led to his arrest—the facts of which do not outline a violation of his constitutional rights. [Complaint at ¶ 2].  He thus fails to articulate a failure of supervision claim.

   Plaintiff does claim that the City of Lowell provides its officers with a "unconstitutionally weaponized charge of [d]isorderly [c]onduct."  [Id. at ¶ 30].  Plaintiff does not advance any arguments for why the charge of disorderly conduct as applied here would be unconstitutional.  The criminal docket Plaintiff provides shows that he was arrested pursuant to Mass. Gen. Laws Chapter 272, Section 53 which has withstood several challenges to its constitutionality. [Dkts. 21-1, 21-2, 21-3, 21-5]; Com. v. Orlando, 359 N.E.2d 310, 313 (Mass. 1977) (finding disorderly conduct neither unconstitutionally vague or unconstitutionally

8

overbroad); Alegata v. Com., 231 N.E.2d 201, 211 (Mass. 1967) (disorderly conduct charge not unconstitutionally vague); Com. v. Roesemann, 776 N.E.2d 1040 (Mass. App. 2002) (overturning court decision which incorrectly held that disorderly conduct statute was unconstitutionally vague). The statute is limited to conduct not involving lawful exercise of a First Amendment right. Nolan v. Krajcik, 384 F. Supp. 2d 447, 459 (D. Mass. 2005) (citations omitted). Disobeying police orders connected to public safety while using a megaphone in a manner that cultivates fear and anger in a large crowd is not conduct protected by the First Amendment. Com. v. Marcavage, 918 N.E.2d 855, 860 (Mass. App. 2009).

**C. Claims against Lieutenant Busby (Counts XI, XII, and XIII)**

The Court sua sponte dismisses the complaint against Lieutenant Busby. The failure-to-state-a-claim arguments made in support of the moving defendants' motion to dismiss apply with equal force to Lieutenant Busby. [See Dkt. 103, 105, 107]. As such, the plaintiff had notice of the deficiencies in his complaint as to all the defendants and had an opportunity to respond and failed to do so. See Jimenez-Tapia v. Santander Bank P.R., 257 F. Supp. 3d 193, 198 (D.P.R. 2017) (sua sponte dismissing claims against defendants who had not filed 12(b)(6) motions where the plaintiffs had received notice of such motions filed by other defendants, had the opportunity to amend their complaint, and failed to clarify their claims in response to the filed motions to dismiss).

Plaintiff accuses Lieutenant Busby of conspiring to deny him a copy of the police report which he concedes that Lieutenant Busby later provided. [Complaint at ¶¶ 44-45]. These facts are not sufficient to support Plaintiff's claims against Lieutenant Busby. Plaintiff's first claim under Section 1985(2) fails because he has not plead sufficient facts to make a plausible claim of conspiracy. [Id. at ¶¶ 84-86]. Plaintiff then brings claims, under Mass. Gen. Laws. Chapter 268

9

Section 34 (Count XII) and Chapter 268 Section 13B (Count XIII), which also fail because both are criminal statutes that do not provide a civil cause of action. [Id. at ¶¶ 87-92].

### D. Claims against Donna Gagne (Counts XIV, XV)

Under a district court's inherent power to manage its own docket and prevent undue delay, the Court has discretion to dismiss a case for a party's failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); see Torres–Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (upholding dismissal when plaintiff failed to show cause for noncompliance, even after two extensions); Cintron–Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir.2002) (upholding dismissal when court warned plaintiff and granted additional time).

Here, Plaintiff was informed that his complaints against Defendant Gagne were deficient because the statutes he based his claim on were criminal statutes that do not provide a civil cause of action. [Dkt. 9 at ¶ 5]. Given that Plaintiff has made no changes to these claims, the Court must dismiss Plaintiff's claims against Defendant Gagne.

## III. CONCLUSION

For the foregoing reasons, the Motions to Dismiss by the City of Lowell, Sergeant Cormier, and Officer Pender [Dkts. 103, 105, 107] are **GRANTED**. Plaintiff's remaining claims against defendants Gagne and Busby are **DISMISSED**.

**SO ORDERED.**

Dated: January 20, 2023
/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge

10